In the Matter of Maximino Estrada, Appellant, v Brian Fischer, as Commissioner of Correcctions and Community Supervision, Respondent. [955 NYS2d 704]—

We affirm. Penal Law § 70.30 (1) (e) provides, in limited circumstances, for the reduction of the aggregate maximum term of imprisonment where consecutive determinate sentences have been imposed for two or more crimes. Penal Law § 70.30 (1) (e) (i) states, in relevant part, that: *"Except as provided in subparagraph (ii), (iii), (iv), (v), (vi) or (vii) of this paragraph,* the aggregate maximum term of consecutive sentences, all of which are . . . determinate sentences, imposed for two or more crimes, other than two or more crimes that include a class A felony, committed prior to the time the person was imprisoned under any of such sentences shall, if it exceeds [20] years, be deemed to be [20] years, unless one of the sentences was imposed for a class B felony, in which case the aggregate maximum term shall, if it exceeds [30] years, be deemed to be [30] years" (emphasis added). Petitioner contends that because he received consecutive determinate sentences for the crimes of manslaughter in the first degree and attempted robbery in the first degree, the former of which is a class B felony, and his aggregate maximum term of imprisonment was 32 years, said term should be reduced to 30 years.

We find petitioner's argument to be unpersuasive. Significantly, it ignores the express language at the beginning of this provision which makes it subject to other provisions of the statute and overlooks the fact that petitioner's manslaughter conviction was a class B violent felony and his robbery conviction was a violent felony as well. Notably, Penal Law § 70.30 (1) (e) (iv), one of the sections referenced in Penal Law § 70.30 (1) (e) (i), addresses the situation where consecutive determinate sentences have been imposed for violent felony offenses. Penal Law § 70.30 (1) (e) (iv) provides: "Notwithstanding subparagraph (i) of this paragraph, the aggregate maximum term of consecutive

sentences, all of which are . . . determinate sentences, imposed for the conviction of two violent felony offenses committed prior to the time the person was imprisoned under any of such sentences and one of which is a class B violent felony offense, shall, if it exceeds [40] years, be deemed to be [40] years." The above provision is the only one applicable to petitioner inasmuch as he received consecutive determinate sentences for two violent felony offenses. However, given that he did not receive an aggregate maximum term of imprisonment of more than 40 years, he is not entitled to a reduction of the sentence under the statute. Supreme Court properly concluded that the recalculation of petitioner's maximum aggregate term of imprisonment was not warranted and dismissed the petition.

Mercure, J.P., Rose, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.